IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT _____Juneau_____

LIVING THE DREAM ALASKA LLC,

                      Plaintiff(s),

vs.

MERCEDES-BENZ USA, LLC,

                      Defendant(s).

CASE NO. _____1JU-18-00901_____ CI

**SUMMONS
AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT**

To Defendant: _____MERCEDES-BENZ USA, LLC_____

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at (address): _____P.O. Box 110400, Juneau, AK 99811-4100_____ within 20 days* after the day you receive this summons.

In addition, a copy of your answer must be sent to:

    Plaintiff's attorney or plaintiff (if unrepresented): Goriune Dudukgian
    Address: Northern Justice Project, LLC
                310 K Street, Suite 200, Anchorage, AK 99501

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.state.ak.us/courts/forms.htm , to inform the court.

-OR-

If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

To: Plaintiff and Defendant

You are hereby given notice that this case has been assigned to Judge _____SUPERIOR COURT JUDGE_____.

THIS MATTER IS FORMALLY ASSIGNED TO
AMY G. MEAD
SUPERIOR COURT JUDGE

8/28/18
Date

CLERK OF COURT
By: _____Erik W. Swang_____
           Deputy Clerk

* The state or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 (2/06)(st.3)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

Goriune Dudukgian, AK Bar No. 0506051
James J. Davis, Jr., AK Bar No. 9412140
**NORTHERN JUSTICE PROJECT, LLC**
310 K Street, Suite 200
Anchorage, AK 99501
Tel: (907) 264-6634
Fax: (866) 813-8645
Email: gdudukgian@njp-law.com
Email: jdavis@njp-law.com
Attorneys for Plaintiff

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FIRST JUDICIAL DISTRICT AT JUNEAU

LIVING THE DREAM ALASKA LLC, )
)
  Plaintiff, )
)
v. )
)
MERCEDES-BENZ USA, LLC, )
)
  Defendant. )
_____ ) Case No. 1JU-18-00901 CI

## COMPLAINT

COMES NOW plaintiff Living the Dream Alaska LLC, by and through counsel, the Northern Justice Project, LLC, and for its complaint against defendant Mercedes-Benz USA, LLC, alleges and requests relief as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to AS 22.10.020 as plaintiff is seeking damages in excess of $100,000 and equitable relief which is beyond the jurisdiction of the District Court.

COMPLAINT
*Living the Dream Alaska LLC v. Mercedes-Benz USA, LLC*
CASE NO. 1JU-18- 00901 CI
PAGE 1 OF 8

2. Venue is proper under AS 22.10.030 and Alaska Civil Rule 3(c) as plaintiff's claims arose within the First Judicial District.

## PARTIES

3. Plaintiff Living the Dream Alaska LLC is an Alaska limited liability company with its principal place of business in Juneau, Alaska.

4. Defendant Mercedes-Benz USA, LLC is a Delaware limited liability company authorized to transact business within the State of Alaska. Defendant is engaged in the business of designing, manufacturing, and selling "motor vehicles," as that term is defined under AS 45.45.360(6), including the vehicle that is the subject of this lawsuit.

## GENERAL ALLEGATIONS

5. On or about October 30, 2016, plaintiff purchased and took delivery of a new 2016 Mercedes-Benz Sprinter 2500 Crew Van, Vehicle Identification Number WD4FE7CD2GP327283 (hereinafter "the Vehicle").

6. Defendant was the "manufacturer" of the Vehicle, as that term is defined under AS 45.45.360(5).

7. The "full purchase price" for the Vehicle, as that term is defined under AS 45.45.360(4), was $56,139.00.

8. Defendant expressly warranted in writing that "any authorized Van Dealer will make any repairs or replacements necessary to correct defects in material or workmanship arising" within 36 months or 36,000 miles, whichever occurred first, of when plaintiff took delivery of the Vehicle.

COMPLAINT
*Living the Dream Alaska LLC v. Mercedes-Benz USA, LLC*
CASE NO. 1JU-18- 00901 CI
PAGE 2 OF 8

Case 3:18-cv-00235-JWS   Document 1-1   Filed 10/05/18   Page 3 of 9

Exhibit A
Page 3 of 9

9. Soon after purchasing the Vehicle, the plaintiff discovered a "nonconformity," as that term is defined under AS 45.45.360(7). Specifically, there is a clunking noise and vibration from the drive train when shifting into drive and reverse and upon acceleration of the Vehicle. Moreover, the Vehicle does not reliably engage or disengage from four-wheel drive and gets "stuck" in four-wheel drive for extended periods of time. These nonconformities substantially impair the use and/or market value of the Vehicle.

10. Defendant and/or its authorized Van Dealers have been unable to repair the nonconformities despite more than three attempts to do so.

11. Plaintiff has substantially complied with the notice requirements under Alaska's lemon law statute to claim a refund or replacement vehicle.

12. Defendant, to date, has refused to provide plaintiff with a refund of the full purchase price of the Vehicle or a new, comparable vehicle. Defendant stated in a letter dated August 31, 2017 from Tauren Grant, Aftersales Operations Manager, Western Region, that "MBUSA must . . . respectfully decline your request to repurchase" the Vehicle.

13. The Vehicle continues to have the nonconformities with the drive train.

## CLAIMS FOR RELIEF

### COUNT I – VIOLATION OF THE ALASKA LEMON LAW STATUTE

14. Plaintiff repeats and incorporates by reference the allegations in each of the preceding paragraphs.

COMPLAINT
*Living the Dream Alaska LLC v. Mercedes-Benz USA, LLC*
CASE NO. 1JU-18- 01101 CI
PAGE 3 OF 8

Case 3:18-cv-00235-JWS   Document 1-1   Filed 10/05/18   Page 4 of 9

Exhibit A
Page 4 of 9

15. Defendant violated AS 45.45.305 by refusing to provide the plaintiff with a refund or replacement vehicle despite the fact that the defendant was unable to conform the Vehicle to an applicable express warranty after a reasonable number of attempts.

## COUNT II – VIOLATION OF ALASKA'S UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT

16. Plaintiff repeats and incorporates by reference the allegations in each of the preceding paragraphs.

17. Defendant is engaged in "trade or commerce" within the meaning of AS 45.50.471(a).

18. Defendant committed an unfair trade practice under AS 45.50.471(b) by refusing to provide the plaintiff with a refund or replacement vehicle despite the fact that the defendant was unable to conform the Vehicle to an applicable express warranty after a reasonable number of attempts.

19. Plaintiff has suffered an ascertainable loss of money or property as a direct and proximate result of the defendant's failure to provide the plaintiff with a refund or replacement vehicle.

## COUNT III – VIOLATION OF THE MAGNUSSON-MOSS WARRANTY ACT

20. Plaintiff repeats and incorporates by reference the allegations in each of the preceding paragraphs.

21. The Vehicle is a "consumer product" as defined under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1), because it is normally used for personal, family, or household purposes.

COMPLAINT
*Living the Dream Alaska LLC v. Mercedes-Benz USA, LLC*
CASE NO. 1JU-18- 00401 CI
PAGE 4 OF 8

Case 3:18-cv-00235-JWS   Document 1-1   Filed 10/05/18   Page 5 of 9

Exhibit A
Page 5 of 9

22. Plaintiff is the original buyer of the Vehicle and is therefore a "consumer" as that term is defined under 15 U.S.C. § 2301(3).

23. Defendant is a "warrantor" and "supplier" as defined under 15 U.S.C. §§ 2301(4) and (5).

24. Defendant provided the plaintiff with a "written warranty" as defined under 15 U.S.C. § 2301(6).

25. Defendant has failed to conform the Vehicle to applicable written and implied warranties within a reasonable period of time and without charge to the plaintiff in violation of the Magnusson-Moss Warranty Act.

26. Plaintiff has been damaged as a result of defendant's breaches of its written and implied warranties as set forth in this Complaint. Plaintiff is therefore entitled to damages and equitable relief, including revocation of acceptance of the Vehicle, under 15 U.S.C. § 2310(d).

**COUNT IV – BREACH OF EXPRESS WARRANTY**

27. Plaintiff repeats and incorporates by reference the allegations in each of the preceding paragraphs.

28. Defendant's "Service and Warranty Information 2016" booklet expressly warrants "to the original and each subsequent owner of a new Sprinter vehicle that any authorized Van Dealer will make any repairs or replacements necessary to correct defects in material or workmanship arising during the warranty period." The warranty period is generally for 36 months or 36,000 miles, whichever occurs first, from when a buyer takes

COMPLAINT
*Living the Dream Alaska LLC v. Mercedes-Benz USA, LLC*
CASE NO. 1JU-18- 00401 CI
PAGE 5 OF 8

Case 3:18-cv-00235-JWS   Document 1-1   Filed 10/05/18   Page 6 of 9

Exhibit A
Page 6 of 9

delivery of the vehicle.

29. Plaintiff relied upon defendant's written warranty in purchasing the Vehicle. The warranty formed part of the basis of the plaintiff's bargain.

30. Defendant breached its express warranty because its authorized Van Dealers have failed to make the necessary repairs to correct the defects in the Vehicle's drive train and because the defendant has refused to provide plaintiff with a replacement vehicle.

31. Plaintiff notified defendant of the breach of express warranty within a reasonable time after discovering the breach.

32. Plaintiff has suffered and shall continue to suffer damages as a direct and proximate result of defendant's failure to repair or replace the Vehicle or refund its full purchase price within a reasonable period of time.

**COUNT V – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

33. Plaintiff repeats and incorporates by reference the allegations in each of the preceding paragraphs.

34. During all relevant times, defendant has been a "merchant" of motor vehicles, as that term is defined under AS 45.02.104(a).

35. The Vehicle purchased by the plaintiff was subject to an implied warranty of merchantability under AS 45.02.314.

36. The defects in the Vehicle's drive train rendered the Vehicle unfit for the ordinary purposes for which a crew van is used and thus unmerchantable.

COMPLAINT
*Living the Dream Alaska LLC v. Mercedes-Benz USA, LLC*
CASE NO. 1JU-18- 00401 CI
PAGE 6 OF 8

Case 3:18-cv-00235-JWS   Document 1-1   Filed 10/05/18   Page 7 of 9

Exhibit A
Page 7 of 9

37. Plaintiff notified defendant of the breach of the implied warranty of merchantability within a reasonable time after discovering the breach.

38. Plaintiff has suffered and shall continue to suffer damages as a direct and proximate result of the defendant's breach of the implied warranty of merchantability with regard to the Vehicle.

## COUNT VI – REVOCATION OF ACCEPTANCE

39. Plaintiff repeats and incorporates by reference the allegations in each of the preceding paragraphs.

40. The defects in the Vehicle's drive train constitute a nonconformity which substantially impair the value of the Vehicle to the plaintiff.

41. Plaintiff reasonably believed that said nonconformity would be cured by the defendant within a reasonable period of time pursuant to the terms of the defendant's "Service and Warranty Information 2016" booklet for the Vehicle.

42. After multiple attempts by the defendant and/or its authorized Van Dealers to cure, it has become apparent that said nonconformity cannot be seasonably cured.

43. In a series of letters, emails and telephone calls beginning on or about August 24, 2017, plaintiff notified defendant of its revocation of acceptance of the Vehicle.

44. Defendant has refused to honor plaintiff's revocation of acceptance of the Vehicle and has not refunded the Vehicle's purchase price to the plaintiff. Rather, on August 31, 2017, defendant notified plaintiff that that "MBUSA must . . . respectfully

COMPLAINT
Living the Dream Alaska LLC v. Mercedes-Benz USA, LLC
CASE NO. 1JU-18- 00101 CI
PAGE 7 OF 8

Case 3:18-cv-00235-JWS   Document 1-1   Filed 10/05/18   Page 8 of 9

Exhibit A
Page 8 of 9

decline your request to repurchase" the Vehicle.

**WHEREFORE,** plaintiff prays for the following relief:

(1) A refund of the $56,139.00 purchase price paid by the plaintiff for the Vehicle;

(2) An award of actual, consequential, and incidental damages;

(3) An award of treble damages under AS 45.50.531(a);

(4) Prejudgment interest;

(5) An award of the costs and expenses of litigation and full reasonable attorney's fees;

(6) All other proper relief.

DATED this 21st day of August, 2018 at Anchorage, Alaska.

NORTHERN JUSTICE PROJECT, LLC
Attorneys for Plaintiff

_____
James J. Davis, Jr., AK Bar No. 9412140
Goriune Dudukgian, AK Bar No. 0506051

COMPLAINT
*Living the Dream Alaska LLC v. Mercedes-Benz USA, LLC*
CASE NO. 1JU-18- 00901 CI
PAGE 8 OF 8