# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

Living The Dream Alaska, LLC,  )
           Plaintiff,  )
    vs.  )
Mercedes-Benz USA, LLC,  )
           Defendant.  )

3:18-cv-235 JWS

ORDER AND OPINION

[Re: Motion at docket 65]

## I. MOTION PRESENTED

At docket 65 plaintiff Living The Dream Alaska, LLC ("LTD") moves for an award of attorneys' fees pursuant to Fed. R. Civ. P. 37(a)(5)(A) seeking a total of $15,998. Defendant Mercedes-Benz USA, LLC ("MB") opposes at docket 68, and LTD replies at docket 76. Oral argument would not be of assistance to the court.

## II. BACKGROUND

In August of 2018, LTD sued MB in the Superior Court for the State of Alaska at Juneau. MB timely removed the lawsuit to this court. LTD's claims stem from problems LTD encountered with a 2016 Mercedes-Benz Sprinter van which it purchased from MB. The motion at bar concerns disputes relating to discovery in this case.

On November 20, 2018, the court issued a scheduling and planning order at docket 10. It set August 19, 2019, as the deadline for the completion of all fact discovery. On December 26, 2018, LTD propounded written discovery requests, including both interrogatories and requests for production of documents. A few days later, MB filed a motion for a far-reaching protective order at docket 11. In an order at

docket 19 the court denied the motion, writing: "[Defendant has] not shown that the need to [protect] complex business material outweighs the presumption of public access to such discovery or justifies excusing Defendant from making a particularized showing of good cause for confidentiality as required under Rule 26(c)."[1]

Thereafter, MB responded to the December 26, 2018 discovery requests. The response included an assertion of the attorney-client privilege and the work product doctrine as to many of the discovery requests. MB did not provide a privilege log. Following a request by LTD's counsel for a privilege log, to which MB did not respond, LTD filed a motion at docket 20 to compel production of a privilege log "describing all documents and information that have been withheld on the basis of attorney-client privilege and/or work product doctrine."[2] The motion also requested an award of reasonable attorneys' fees pursuant to Rule 37(a)(5).[3]

In the meantime, at docket 18, MB moved for a protective order limiting the permissible scope of discovery. At docket 25, LTD opposed the motion. At docket 33, MB withdrew its motion for a protective order "pursuant to an agreement reached with Plaintiff regarding the pending discovery motions."[4] The next day on April 20, 2019, at docket 34, LTD withdrew its motion to compel a privilege log "pursuant to an agreement reached with [MB] regarding the subject matter of the motion."[5] This procedural history suggests that the arguments about discovery had been fully resolved.

---

[1] Doc. 19 at pp. 1-2.

[2] Doc. 20 at p. 1.

[3] *Id*. at pp. 1-2.

[4] Doc. 33 at p. 1.

[5] Doc. 34 at p. 1.

New counsel appeared for LTD on November 15, 2019. On November 19, 2019, LTD's new counsel filed the motion at docket 76 seeking an award of attorneys' fees pursuant to Fed. R. Civ. P. 37(a)(5). The motion at docket 76 was filed seven months after the motion at docket 20, which included a request for an award of attorneys' fees, had been withdrawn.

### III. DISCUSSION

Rule 37(a)(5) provides that if a motion to compel discovery is granted or if the discovery is provided after the motion is filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees.

In its opposition MB first argues that LTD waived its right to seek attorneys' fees "when it failed to move for such relief during the pendency of the subject discovery disputes."[6] This argument is not entirely correct. MB did make such a request during the pendency of the discovery disputes in the motion at docket 20. However, the pending motion does come months after the discovery disputes were resolved, a point which the court finds significant given the withdrawal of the original request for a fee award.

Second, MB argues that an award is not appropriate because all but one of the discovery disputes was resolved without a court order. This argument overlooks the fact that Rule 37 provides for an award if discovery is provided after a motion seeking discovery is made, as well as in cases where the court grants the motion.

Third, MB argues that LTD failed to provide itemized billing records as required by D.Ak.L.R. 54.2. LTD correctly points out that D.Ak.L.R. 54.2 by its terms only applies

---

[6]Doc. 68 at p. 1.

to fees sought pursuant to Fed. R. Civ. P. 54 (d)(2). Moreover, LTD has supplied the itemized billing records with its reply memo at docket 76.

There are exceptions to the requirement for an award of attorneys' fees. Rule 37(a)(5)(A)(iii) provides that an award of expenses will not be made where "other circumstances make an award of expenses unjust." That is the case here.

LTD withdrew its request for an award of attorneys' fees when it withdrew the motion at docket 20. The notice of withdrawal was not qualified in any way. It gave no indication that the request for attorneys' fees had not been resolved. It was not until after LTD obtained new counsel that a second request for attorneys' fees was made. There is no declaration or affidavit from LTD's former counsel attempting to explain how the withdrawal of the first request was an ineffective resolution.[7] The current request comes seven months after the discovery disputes and associated request for attorneys' fees had been resolved. In the circumstances here, it would be unjust to award attorneys' fees to LTD.

## IV.  CONCLUSION

For the reasons above, the motion at docket 65 is DENIED.

DATED this 6th day of July 2020.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

[7] In its reply, LTD directs the court to "relevant communications" involving prior counsel found in exhibits to the Declaration of Goriune Dudukgian at docket 14. There is nothing in the declaration or its exhibits which touches upon the Rule 37(a)(5) request for fees or its withdrawal.

-4-